M. E. BLATT COMPANY, PLAINTIFF-APPELLANT, v. MAYER BOGATIN ET AL., DEFENDANTS-APPELLEES.

Submitted May term, 1931—Decided August 14, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Thompson & Hanstein.*

For the appellees, *Samuel Morris.*

PER CURIAM.

This is an appeal from a judgment entered upon a verdict in favor of the defendant below.

The facts appear to be that a piano was purchased from the plaintiff and it seems that one of the defendants, Mrs. Bogatin, with her son, Saul, upon one occasion, at least, went to the department store of the plaintiff and inquired about the purchase. There was a second visit, about which the proofs are in conflict as to whether the son alone appeared or whether his mother was again present with him. At the time the son was a minor, between nineteen and twenty years of age. He testified that upon this second occasion, he alone went to the plaintiff's store and arranged that the piano should be sent to his home, which was that of his parents, the defendants, upon approval.

There is testimony to the contrary that upon this second visit both mother and son were present and the instrument was purchased by the mother. In fact it was charged to her account. It was subsequently delivered to the home of the defendants, at which resided the son, Saul, and other children, with their parent, and, upon delivery, was receipted for by the mother, Mrs. Bogatin. Not only was the purchase price charged to the account of Mrs. Bogatin she having an open account with the plaintiff, but she received several statements showing such charge. It also further appears that upon one or more occasions a representative of the plaintiff discussed with her the matter of payment. The son says he made the purchase himself; that the piano was sent upon approval, and that one Williams, a salesman of the plaintiff called upon him shortly after the delivery and in an endeavor to close the sale suggested that if it was a cash purchase ten per cent. might be deducted from the sale price, and the son, being satisfied with the piano, started to draw a check to the plaintiff for the sale price, less ten per cent., whereupon and upon the suggestion of Williams that the check should be drawn to his order so that he would obtain credit for such sale the check was so drawn and delivered to Williams. Such a check was presented, bearing the endorsement of Williams and paid by the son's bank, upon which it was drawn. Thereafter Williams disappeared and has never been located. The plaintiff never received any of the proceeds of such check.

The jury found in favor of the defendants and from the judgment entered on such verdict the plaintiff below appeals.

Several grounds for reversal are urged.

1. That it was error to permit proof of payment because such defense was not pleaded.

We think this is not so. Pleadings in District Courts are not so specific and exact as to require a definite plea of payment.

2. That it was error to refuse to direct a verdict for the plaintiff.

This we think is not so. The proofs as to who made the purchase were in dispute and properly presented a matter of fact to be passed upon by the jury.

3. The remaining ground is that it was harmfully and prejudicially erroneous for the trial court to instruct the jury as follows: "There is testimony and so far as I can recall there was uncontradicted testimony that one Saul Bogatin, the son of these people, gave to this person, Williams, who it seems was a piano salesman, Saul's check for the price of the piano, $495. The question is whether or not that would be a payment which would be binding upon the M. E. Blatt Company, plaintiff, which was admittedly the employer of Williams.

The defendants claim it would be, and base their contention upon that principle of law that so far as Williams is concerned Blatt company would be the principal and Williams would be a servant and agent, and the law is that a principal is bound by the acts of his agent within the apparent authority which he knowingly permits the agent to assume or which he holds the agent out to the public as possessing. In other words, the defense says that the Blatt company placed this man Williams on its sales floor and allowed him to go there apparently with authority to sell pianos, musical instruments, victrolas and radios and receive the money therefor, and the defense invokes this principle of law that payment to such person or agent would be payment to the principal and this is the law."

The proofs in the case were not in fact or effect in accord with this instruction.

Williams was merely a salesman on the piano floor of plaintiff's department store.

There was proof, of course, that when he made sale of an instrument, and cash, in payment, was tendered to him by the purchaser, he had authority, then and there, to receive the cash and deposit it with the sales slip with the floor cashier.

Beyond this there was no proof that Williams had authority, or was held out by the plaintiff to have, to receive

money for it at any other time, under any other conditions, or at any other place. Nor was there any proof that the plaintiff had held out Williams as having any other authority in any previous transaction or business that the defendants had with the plaintiff.

The instruction left the jury in a position where it could have found, and probably did so far as anything appears before us, that the plaintiff was not entitled to a verdict, because whoever was the purchaser, the defendants, or their son, the plaintiff had nevertheless through Williams, as its agent, received payment in full.

Under the proofs in the case the instruction complained of was obviously erroneous and harmfully and prejudicially so and requires a reversal of the judgment below.

The judgment is reversed.